UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

In re the Application of:

MARIJA MIROSLAV RANDELOVIC,

    Petitioner,

and

ALEKSANDAR STOJANOVIC,

    Respondent.

Case No.: 3:22-cv-00400-MO

ORDER DENYING PETITIONER'S VERIFIED PETITION FOR RETURN OF CHILD TO HABITUAL RESIDENCE (SERBIA), FINDINGS OF FACT & CONCLUSIONS OF LAW

The Convention on the Civil Aspects of International Child Abduction,
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

**MOSMAN, J.,**

## BACKGROUND

THIS MATTER came before me on Petitioner Marija Miroslav Randelovic's Verified Petition for Return of Child to Habitual Residence (Serbia). After briefing by both Petitioner and Respondent, Aleksandar Stojanovic, a two-day trial was held, beginning on August 16, 2022, and concluding on August 17, 2022. Petitioner appeared and was represented by Jessica Flint of Gevurtz Manashe, P.C. and Bradley Lechman-Su. Respondent appeared and was represented by Jaye W. Taylor of Buckley Law, P.C. At the conclusion of the trial on August 17, 2022, I made detailed findings of fact and conclusions of law on the record, which are summarized herein as follows:

## FINDINGS OF FACT

Respondent stipulated to Petitioner's prima facie case of wrongful retention under the Hague Convention, raising Article 13's "mature child objection" affirmative defense. Petitioner responded by alleging undue influence by Respondent. As such, I find that the remaining issues

before me are, per Article 13 of the Hague Convention, whether the child objects to being returned to Serbia, whether she has attained an age and degree of maturity at which it is appropriate to take account of her view, whether Respondent has unduly influenced the child into making this objection, and whether the child should be repatriated to Serbia.

<u>Minor Child's Particularized Objection</u>. I accept the statements of the minor child which described a bleaker picture of her life in Serbia than is found in Petitioner's expert reports. She described frequent, chronic bullying, chronic loneliness, problematic "friendships," and significant differences in school systems. Additionally, the minor child expressly described her desire to spend time living with Respondent after having spent nine years with Petitioner. I find that the minor child's primary reasons for her decision are not frivolous, emotional, fleeting, or childish, but in fact, pose what the law calls an objection to returning to Serbia.

<u>Maturity of Minor Child</u>. I find that the minor child is poised and articulate, deeply loves both her parents, has struggled with the knowledge that she will disappoint one parent or the other with her decision, and wishes she wasn't in that situation. She has come to the realization that she has to make her decision based upon the factors she thinks are important, and she cannot simply defer to either parent.

Having considered the reports and testimony of the expert witnesses, the evidence submitted by the parties, and my own interview of the minor child in chambers, I view the minor child as capable of making her own decisions. I find in view of the totality of the evidence, testimony, and information, that the minor child is a high-functioning, extraordinarily mature young lady.

<u>Undue Influence</u>. I find that the reactions and interactions of the parties with the minor child were normal reactions by normal people to events in life. I recognize the great amount of tension caused by this litigation. I find that the minor child is someone who is capable of understanding influence, and has demonstrated that to both parents in these excruciating

circumstances. She is able to say "no" to either parent even when the parent dislikes that answer. I do not find undue influence on the minor child by the parties.

## CONCLUSIONS OF LAW

Pursuant to Article 13 of the Hauge Convention and 22 U.S.C. § 9003(e)(2)(B), I find by a preponderance of evidence that the child objects to being returned to her habitual residence of Serbia and has attained an age and degree of maturity at which it is appropriate to take into account her views. I further find that the child's decision was not the result of undue influence by Respondent. *See Gaudin v. Remis*, 415 F.3d 1028, 1037 & n.3 (9th Cir. 2005), *abrogated on other grounds by Golan v. Saada*, 142 S. Ct. 1880 (2022).

## CONCLUSION

For these reasons and those stated on the record, I hereby find in favor of Respondent and DENY the Petition for the Return of Child to Habitual Residence (Serbia).

IT IS SO ORDERED.

Dated: 8/29/22

Michael W. Mosman
Senior United States District Judge